**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE:                                                                CHAPTER 13

RIVERSON SAMUEL LEONARD, JR.,            CASE NUMBER  8:05-bk-02470-CED

_____/

## ORDER DENYING CONFIRMATION AND DISMISSING CASE

THIS CASE came on for a duly-scheduled confirmation hearing on July 30, 2008, to consider confirmation of the proposed Chapter 13 Plan and the Court having heard argument of counsel and being otherwise duly advised in the circumstances, it is

ORDERED, ADJUDGED AND DECREED as follows:

1.      The Debtor's[1] Chapter 13 Plan, as filed, does not meet the requirements for confirmation and therefore confirmation is DENIED.

2.      This case is DISMISSED without prejudice.

3.      The Trustee shall deduct from all monies disbursed, as herein provided, his normal percentage thereof as necessary costs and expenses from sums collected pursuant to section 1326(a)(2)[2], together with any fee, charge, or amount required under 28 U.S.C. section 123.

4.      The Trustee shall disburse all Trust Fund monies held as adequate protection and for administrative expenses, as provided for in this Court's Order Establishing Duties of Trustee and Debtor etc., to those secured creditors provided for in the Debtor's Chapter 13 Plan ("Plan") and to administrative expense holders.

   a.      The Trustee shall disburse the Trust Fund monies to the secured creditors either in the total amount due for adequate protection or, if Trust Fund monies prove insufficient, pro rata.  These monies shall be paid pursuant to the creditor's proof of claim or, if no claim was filed, pursuant to the terms of the Chapter 13 Plan.

---

[1]  All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.
[2]  All statutory references are to be Bankruptcy Code Title 11 of the United States Code, unless otherwise noted.

     5.    The Trustee shall return to the Debtor any monies not previously disbursed, and shall thereafter file his final report and upon which filing he will be discharged of his duties as Trustee.

     6.    The effective date of this Order is delayed ten (10) days to permit the Debtor to convert this case to either a Chapter 7 or Chapter 11 under the Bankruptcy Code if the Debtor wishes to do so.

     7.    All pending hearings are cancelled.

DONE AND ORDERED at Tampa, Florida on August 07, 2008.

K. RODNEY MAY
UNITED STATES BANKRUPTCY JUDGE

Copies to:
Riverson S. Leonard, Jr., 805 Harbor Drive, Belleair Beach, FL 33786
Johnson, Pope, Bokor, Ruppel & Burns, LLP, Attn: Michael C. Markham, Esquire, P.O. Box 1368, Clearwater, Florida 33757
Terry E. Smith, Chapter 13 Trustee
All Creditors as Listed on Matrix
Calendar Clerk
TES/MEB/cla`                                         C13T  8/05/08